```
 1  ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
 2  MICHAEL J. CARROLL (ST. BAR #50246)
    220 Montgomery Street, Suite 303
 3  San Francisco, CA  94104
    Telephone:  (415) 392-5431
 4  Facsimile:  (415) 392-1978

 5  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA SHEET METAL WORKERS HEALTH CARE PLAN, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 162 VACATION, HOLIDAY SAVINGS PLAN; DENNIS CANEVARI, TRUSTEE, <br><br> Plaintiffs, <br><br> vs. <br><br> BUC HEATING & AIR CONDITIONING, a California corporation, <br><br> Defendant. | NO. _____ <br><br> COMPLAINT |

Plaintiffs complain of defendant and for a cause of action alleges that:

1.  Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations

COMPLAINT
-1-

Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs Boards of Trustees of the Trust Funds named in the caption (hereinafter "Trust Funds") are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff Duane Turner is a trustee. Said Trust Funds are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, BUC HEATING & AIR CONDITIONING, a California corporation, resides and does business in Shingle Springs, California. Performance of the obligations to pay fringe benefits set forth in the collective bargaining agreement is in this judicial district. ERISA specifically authorizes Trust Funds to bring this action in the district where the plans are administered, 29 U.S.C. §1132(e)(2); the plans are administered in the Northern District of California.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Sheet Metal Workers Local Union No. 162, a labor organization in an industry affecting commerce. The aforesaid agreement provide that defendant shall make

1  contributions to the TRUST FUNDS, on behalf of defendant's employees
2  on a regular basis on all hours worked, and that defendant shall be
3  bound to and abide by all the provisions of the respective Trust
4  Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter
5  the "Trust Agreements").

6      6.   The Trust Funds rely upon a self reporting system.
7  Defendant has unique knowledge of the amounts of contributions that
8  it is liable to pay each month, and has a fiduciary obligation to
9  accurately report the amount to the Trust Funds.

10     7.   Defendant has breached both the provisions of the
11 collective bargaining agreement and the Trust Agreements above
12 referred to by failing to complete and send in monthly reports and/or
13 to pay all moneys due thereunder on behalf of defendant's employees
14 to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29
15 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

16     8.   Defendant has failed and refused to pay in a timely
17 manner since October 2007. Pursuant to the terms of the collective
18 bargaining agreement there is now due, owing and unpaid from defendant
19 to the TRUST FUNDS on account number 216195/162 and 216197/162
20 contributions for hours worked by covered employees for the months of
21 October 2007 and December 2007 and liquidated damages and interest
22 which are specifically provided for by said agreements. The total
23 amount due is unknown; additional monthly amounts will become due
24 during the course of this litigation and in the interest of judicial
25 economy, recovery of said sums will be sought in this case. Interest
26 is due and owing on all principal amounts due and unpaid at the legal
27 rate from the dates on which the principal amounts due accrued. The
28 total amount due in this paragraph is unknown at this time, except to

COMPLAINT
-3-

1 | the defendant.

2 |     9.   Demand has been made upon said defendant, but defendant
3 | has failed and refused to pay the amounts due the TRUST FUNDS or any
4 | part thereof; and there is still due, owing and unpaid from defendant
5 | the amounts set forth in Paragraph 8 above.

6 |     10.  An actual controversy exists between plaintiffs and
7 | defendant in that plaintiffs contend that plaintiffs are entitled to
8 | a timely monthly payment of trust fund contributions now and in the
9 | future pursuant to the collective bargaining agreement and the Trust
10 | Agreements, and defendant refuses to make such payments in a timely
11 | manner.

12 |     11.  The Trust Funds do not at this time seek to audit the
13 | books and records of defendant.  The only issue raised in this
14 | complaint is defendant's failure to complete and file voluntary
15 | monthly reports and pay the contributions due.  The Trust Funds seek
16 | to obtain a judgment for any outstanding delinquent contributions
17 | based on defendant's reports and to reserve the right to audit
18 | defendant for this or any other unaudited period.

19 |     12.  The Trust Agreements provide that, in the event suit
20 | is instituted to enforce payments due thereunder, the defendant shall
21 | pay court costs and reasonable attorneys' fee.  It has been necessary
22 | for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
23 | as attorneys to prosecute the within action, and reasonable
24 | attorneys' fee should be allowed by the Court on account of the
25 | employment by plaintiff of said attorneys.

26 |     WHEREFORE, plaintiffs pray:

27 |     1. That the Court render a judgment on behalf of plaintiffs
28 | for all contributions due and owing to the date of judgment based upon

COMPLAINT
-4-

1 | unaudited reporting forms, plus liquidated damages provided for by the
2 | contract, interest at the legal rate, reasonable attorneys' fees
3 | incurred in prosecuting this action and costs.

4 |     2.  That the Court enjoin the defendant from violating the
5 | terms of the collective bargaining agreements and the Trust Agreements
6 | for the full period for which defendant is contractually bound to file
7 | reports and pay contributions to the TRUST FUNDS.

8 |     3.  That the Court reserve plaintiffs' contractual right to
9 | audit defendant for months prior to judgment, and in the event of such
10 | audit, collect any additional sums which may be due.

11 |     4.  That the Court retain jurisdiction of this cause pending
12 | compliance with its orders.

13 |     5.  For such other and further relief as the Court deems
14 | just and proper.

15 | DATED: April 8, 2007         ERSKINE & TULLEY
                                  A PROFESSIONAL CORPORATION

By: _____
     Michael J. Carroll
     Attorneys for Plaintiffs

COMPLAINT
-5-